R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Hee Jae J. Yoon CA Bar No. 298,925
yoon@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-691-1086

Attorneys for Plaintiff,
ARCONA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCONA, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>FARMACY BEAUTY, LLC, a New Jersey limited liability company, DAVID C. CHUNG, an individual, and MARK VEEDER, an individual,<br><br>          Defendants. | CASE NO. 2:17-cv-7058<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COUNTERFEITING, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, and CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff Arcona, Inc. (hereinafter "Arcona" or "Plaintiff") hereby complain and allege as follows:

## I. PARTIES:

1. Arcona, Inc. is a California corporation organized and existing under the laws of the State of California, having its principal place of business at 28745 Industry Drive, Valencia, California 91355.

2. On information and belief, Defendant Farmacy Beauty, LLC (hereinafter "Farmacy") is a New Jersey limited liability company organized and existing under the laws of the State of New Jersey, having its principal place of business at 35 East Broadway, Sixth Floor, New York, New York 10002.

3. On information and belief, Defendant David C. Chung (hereinafter "Chung"), is an individual residing in the state of New Jersey at 88 West Sheffield Avenue, Englewood, New Jersey 07631.

4. On information and belief, Defendant Mark Veeder (hereinafter "Veeder"), is an individual residing in the state of New York at 759 Hartwood Road, Forestburgh, New York 12777.

## II. JURISDICTION AND VENUE:

5. This Court has personal jurisdiction over Farmacy Beauty, LLC because on information and belief, Farmacy Beauty, LLC conducts business in this district and has sold products at issue to consumers within this district.

6. This Court has personal jurisdiction over Chung because, on information and belief, Chung authorized and directed Farmacy's sales of infringing products, including sales within this district as alleged below.

7. This Court has personal jurisdiction over Veeder because, on information and belief, Veeder authorized and directed Farmacy's sales of infringing products, including sales within this district as alleged below.

8. Venue is proper within this jurisdiction because, on information and

-1-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

belief, sales of accused products have occurred in Los Angeles, and because the Plaintiff is located within the Central District of California at 28745 Industry Drive, Valencia, California 91355.

9.     Subject matter jurisdiction is proper in this Court pursuant 28 U.S.C. § 1331 because this case arises under federal law, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims arise under the same set of facts as the federal law claims. Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

## III.  GENERAL ALLEGATIONS:

10.     The Arcona brand is known and respected for its high quality, luxury formulations and their unparalleled ability to make a positive change to the skin. Arcona has spent its financial resources, time, and expertise to develop its reputation as manufacturers of high quality skin care products.

11.     Arcona manufactures and distributes several eye creams and serums. Arcona promotes some of its eye creams under the designation EYE DEW and EYE DEW PLUS. Arcona has been promoting its EYE DEW product since as early as January 1, 2002.

12.     Arcona distributes its products through Arcona Studio, online retailers, and premier retailers, including major retailers such as Sephora and Nordstroms.

13.     Arcona is the owner of registered United States trademark for EYE DEW, Registration No. 4,706,079 in International Class 003 for cosmetic creams for skin care; cosmetic preparations for skin renewal; eye cream; non-medicated stimulating lotions for the skin; skin conditioning creams for cosmetic purposes; skin moisturizer; wrinkle removing skin care preparations. Attached hereto as **Exhibit 1** is a true and correct copy of the registration certificate for EYE DEW.

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

14. On information and belief, Farmacy began distributing an eye cream under the designation of EYE DEW, an eye cream that is wholly unrelated to Arcona's eye cream sold under the designation EYE DEW.

15. Arcona did not license or authorize Farmacy to use EYE DEW in the promotion of eye cream. As the EYE DEW mark on Farmacy's product is identical to Arcona's registered EYE DEW mark and applied on the same type of goods, namely eye creams, Farmacy's EYE DEW mark constitutes a counterfeit mark.

16. Farmacy's EYE DEW product can be found at many of the same retailers as Arcona's EYE DEW products, for example, Sephora.

17. On information and belief, Chung and Veeder are controlling members of the Farmacy Beauty, LLC. Chung and Veeder directed and authorized Farmacy's adoption of the counterfeit EYE DEW mark, and directed and authorized the promotion and sales of Farmacy's EYE DEW cream with the counterfeit EYE DEW mark.

18. Upon learning of Farmacy's use of the EYE DEW mark, Arcona sent a letter to Farmacy on or about August 4, 2016 demanding that Farmacy cease and desist from its infringing conduct and using counterfeit EYE DEW mark. On or about September 30, 2016, Farmacy responded to Arcona's requesting a one year sell-off period. Arcona did not agree to a one-year sell-off period and countered with a six-month term. Farmacy offered a nine month sell off ending July 31, 2017. On or about January 13, 2017, after finding Farmacy's continuing sales of the eye cream bearing counterfeit EYE DEW mark, Arcona sent a follow letter to Farmacy demanding that Farmacy cease all further infringing conduct and cease all sales of eye cream bearing counterfeit EYE DEW mark by no later than February 28, 2017.

19. Despite being put on notice that Farmacy was selling eye cream bearing the counterfeit EYE DEW mark, Farmacy has continued to promote and sell eye cream bearing the counterfeit EYE DEW mark. Attached hereto as **Exhibit**

-3-

TROJAN LAW OFFICES
BEVERLY HILLS

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

**2** is a true and correct copy of Farmacy's website promoting and selling eye cream bearing the counterfeit EYE DEW mark as late as September 18, 2017. Farmacy has continued to sell eye cream bearing counterfeit EYE DEW to Sephora more than one year after being placed on notice of the counterfeiting.

## IV. FIRST COUNT:

## VIOLATION OF TRADEMARK COUNTERFEITING ACT OF 1984

20. Plaintiff Arcona incorporate by reference each and every allegation contained in paragraphs 1 through 19 above as though fully set forth herein.

21. Arcona is the registered owners of the EYE DEW mark, U.S. Registration No. 4,706,079, in International Class 003 for cosmetic creams. Arcona began using the EYE DEW mark as early as 2002 and continues to use the mark to promote its eye cream.

22. Farmacy's EYE DEW mark is identical to Arcona's registered EYE DEW mark because Arcona's registration is for a word mark without claim to any particular font, style, size, or color.

23. Farmacy's EYE DEW mark is spurious and not genuine because Plaintiff Arcona has never authorized or permitted Farmacy to use its registered EYE DEW mark. Farmacy uses the counterfeit EYE DEW mark to promote and sell eye creams. As shown in **Exhibit 2**, Farmacy has continued its unauthorized use of the EYE DEW mark to promote and sell eye cream.

24. Farmacy has applied the counterfeit EYE DEW mark on the same type of goods listed in the registration and used by Arcona, cosmetic creams, namely eye creams. Farmacy's use of the counterfeit EYE DEW mark on the same type of goods, namely eye creams, is likely to cause confusion, mistake, and/or deceive consumers as to source or sponsorship.

25. Farmacy's use of the counterfeit EYE DEW mark is intentional and willful as evidenced by Farmacy's continued use of the counterfeit EYE DEW

TROJAN LAW OFFICES
BEVERLY HILLS

-4-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

mark despite being provided notice of Arcona's trademark rights and Farmacy's use of the counterfeit mark.  In fact, Farmacy knew for certain its product bore the counterfeit mark at least as early as August 4, 2016 when Arcona notified Farmacy of its trademark rights and registration.  And despite the fact that it knew that its products bore the counterfeit EYE DEW mark, Farmacy continued to promote and sell eye cream bearing the counterfeit EYE DEW mark.

25.    On information and belief, Chung and Veeder authorized and directed Farmacy to adopt the counterfeit EYE DEW mark for eye cream and authorized and directed Farmacy to continue infringing upon Arcona's trademark rights to EYE DEW even after being provided notice of its infringement.  On information and belief, Chung and Veeder authorized and directed Farmacy's purchase and/or manufacture of additional batches of eye cream bearing counterfeit EYE DEW mark even after it was provided notice of its infringing conduct.

26.    Arcona has been damaged by Farmacy's use of the counterfeit EYE DEW mark in the form of loss sales, loss of goodwill, and loss of reputation.  Farmacy has also been unjustly enriched by trading on Arcona's goodwill.  Arcona is entitled damages, including disgorgement of Farmacy's profits, Arcona's lost profits, loss of good will, and loss of reputation to be determined according to proof as a result of Farmacy's use of the counterfeit EYE DEW mark.  Arcona is entitled to treble damages and its attorneys' fees as a result of Farmacy's intentional use of the counterfeit EYE DEW mark pursuant to 15 U.S.C. § 1117(b).

27.    In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Farmacy's use of the counterfeit EYE DEW word mark to promote and sell eye cream entitles Plaintiff to statutory damages up to $200,000.  Farmacy's intentional, deliberate, and willful sales of its products bearing the counterfeit EYE DEW mark entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

-5-

TROJAN LAW OFFICES
BEVERLY HILLS

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

28.   As Farmacy has continued to use the counterfeit mark, despite being provided notice that its EYE DEW mark was counterfeit, Arcona is entitled to injunctive relief to prevent any continuing and further use of the counterfeit EYE DEW mark.

## V.  SECOND COUNT:

## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,706,079

## FOR EYE DEW

29.   Plaintiff Arcona incorporate by reference each and every allegation contained in paragraphs 1 through 28 above as though fully set forth herein.

30.   Arcona is the registered owners of the EYE DEW mark, U.S. Registration No. 4,706,079, in International Class 003 for cosmetic creams.  Arcona began using the EYE DEW mark as early as 2002 and continues to use the mark to promote its eye cream.

31.   Without Arcona's authorization or consent, Farmacy promoted, offered for sale, and sold eye cream bearing the EYE DEW mark.  Farmacy's use of the EYE DEW mark on eye cream, the same type of goods as the goods listed on the registration, constitutes use of a counterfeit mark because the marks are identical and applied to the same type of goods.

32.   On information and belief, Farmacy purchased and/or manufactured new batches of eye cream bearing the counterfeit EYE DEW mark even after being provided notice of Arcona's trademark rights and registration.

33.   The use of counterfeit EYE DEW mark for eye cream, the same type of goods listed on the registration for EYE DEW and as used by Arcona, is likely to cause consumer confusion as to source, sponsorship, and/or affiliation.  The likelihood of confusion is especially high because the mark is counterfeit and thus identical to Arcona's registered mark and it is applied to the same type of goods, namely eye creams.

-6-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

34.    Arcona's authentic EYE DEW products and Farmacy's eye cream bearing the counterfeit EYE DEW mark are sold through the same channels of trade.  Both Arcona's authentic product and Farmacy's eye cream bearing the counterfeit EYE DEW mark are sold by similar retailers, such as Sephora.

35.    On information and belief, Chung and Veeder authorized and directed Farmacy to adopt the counterfeit EYE DEW mark for eye cream and authorized and directed Farmacy to continue infringing upon Arcona's trademark rights to EYE DEW even after being provided notice of its infringement.  On information and belief, Chung and Veeder authorized and directed Farmacy's purchase and/or manufacture of additional batches of eye cream bearing counterfeit EYE DEW mark even after it was provided notice of its infringing conduct.

36.    On information and belief, Farmacy knew that its eye cream bears the counterfeit EYE DEW mark.  In fact, Farmacy knew for certain its product bore the counterfeit mark at least as early as August 4, 2016 when Arcona notified Farmacy of its trademark rights and registration.  And despite the fact that it knew that its products bore the counterfeit EYE DEW mark, Farmacy continued to promote and sell eye cream bearing the counterfeit EYE DEW mark.  In fact, on information and belief, Farmacy purchased and/or manufactured additional batches of eye cream bearing the counterfeit mark after it was provided notice of Arcona's trademark rights.  Farmacy willfully, deliberately and knowingly offered for sale eye cream bearing the counterfeit EYE DEW mark, constituting trademark infringement in violation of 15 U.S.C. § 1114(a).

37.    Farmacy has sold products bearing the counterfeit marks to trade on Arcona's goodwill, stealing sales of Plaintiff's EYE DEW product and causing loss of profits to be determined according to proof.  Arcona is entitled to is lost profits, disgorgement of Farmacy's profits, and costs from Farmacy's infringement of Arcona's registered EYE DEW mark.

-7-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

38. Farmacy's intentional and willful conduct has damaged Arcona's reputation and goodwill because on information and belief, Farmacy's products are of lower quality. Arcona is entitled to treble damages and its attorneys' fees as a result of Farmacy's willful and intentional infringement of Arcona's registered trademark.

39. In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Farmacy's infringement of the EYE DEW word mark, by its sales of eye cream bearing the counterfeit EYE DEW mark entitles Plaintiff to statutory damages up to $200,000. Farmacy's intentional, deliberate, and willful sales of its products bearing the counterfeit EYE DEW mark entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## VI. THIRD COUNT:
## VIOLATION OF FEDERAL UNFAIR COMPETITION
## UNDER LANHAM ACT § 43(a)

40. Plaintiff Arcona incorporate by reference each and every allegation contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Farmacy's use of the counterfeit EYE DEW mark for the same type of goods as Arcona's EYE DEW mark, is likely to cause confusion or to cause mistake as to the source, affiliation, association, sponsorship, and/or approval. The likelihood of confusion is especially high because the mark is counterfeit and thus identical to Arcona's mark and it is applied to the same type of goods, namely eye creams.

42. Arcona's authentic EYE DEW products and Farmacy's eye cream bearing the counterfeit EYE DEW mark are sold through the same channels of trade. Both Arcona's authentic product and Farmacy's eye cream bearing the counterfeit EYE DEW mark are sold by similar retailers, such as Sephora.

43. On information and belief, Chung and Veeder authorized and directed

-8-

TROJAN LAW OFFICES
BEVERLY HILLS

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

Farmacy to adopt the counterfeit EYE DEW mark for eye cream and authorized and directed Farmacy to continue infringing upon Arcona's trademark rights to EYE DEW even after being provided notice of its infringement. On information and belief, Chung and Veeder authorized and directed Farmacy's purchase and/or manufacture of additional batches of eye cream bearing counterfeit EYE DEW mark even after it was provided notice of its infringing conduct.

44. On information and belief, Farmacy knew that the its eye cream was bearing the counterfeit EYE DEW mark. In fact, Farmacy knew for certain its product bore the counterfeit mark at least as early as August 4, 2016 when Arcona notified Farmacy of its trademark rights and registration. And despite the fact that it knew that its products bore the counterfeit EYE DEW mark, Farmacy continued to promote and sell eye cream bearing the counterfeit EYE DEW mark. In fact, on information and belief, Farmacy purchased and/or manufactured additional batches of eye cream bearing counterfeit mark after it was provided notice of Arcona's trademark rights.

45. Farmacy's use of the counterfeit EYE DEW mark damages Arcona of the goodwill to the EYE DEW mark that Plaintiff has expended valuable resources, such as time and money, to cultivate.

46. Farmacy has sold products bearing the counterfeit marks to trade on Arcona's goodwill, stealing sales of Plaintiff's EYE DEW product and causing loss of profits to be determined according to proof. Arcona is entitled to is lost profits, disgorgement of Farmacy's profits, damages associated with loss of goodwill and reputation, and costs as a result of Farmacy's use of the counterfeit EYE DEW mark to trade on Arcona's goodwill.

47. Farmacy's use of the counterfeit EYE DEW mark to trade on Arcona's goodwill and reputation was intentional and willful. Arcona is entitled to treble damages and its attorneys' fees as a result of Farmacy's willful and intentional

-9-

TROJAN LAW OFFICES
BEVERLY HILLS

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

infringement of Arcona's trademark.

## VII.  FOURTH COUNT:

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200

48.    Plaintiff Arcona incorporate by reference each and every allegation contained in paragraphs 1 through 47 above as though fully set forth herein.

49.    By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California *Business and Professions Code* ("BPC") §§ 17200 *et seq*.  As used in this Complaint, and in BPC § 17200, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with BPC § 17500).  This conduct as alleged is actionable pursuant to BPC §§ 17200 and 17203.

50.    Defendants have engaged in, and continue to engage in, such unfair competition with full knowledge that such acts and practices are wrongful, arbitrary, without reasonable business or commercial justification, unethical, oppressive, and have caused substantial harm and injury to Arcona.  Moreover, Dedendants' conduct, as described above, is unlawful, unfair, and deceptive, and violates BPC §§ 17200 *et seq*. and constitutes *inter alia*, trademark infringement, resulting in injury in fact to Arcona in form of lost revenue, lost profits, lost market share, lost business value and good will, and lost business opportunities as a result of Defendants' unlawful actions and practices in violation of BPC sections 17200 *et seq*.  As a direct and proximate result of Defendants' unlawful conduct, Arcona is entitled to restitution and disgorgement of profits in an amount according to proof at trial and entitled to preliminary and permanent injunctive relief restraining Farmacy, its officers, directors, members, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of Section

-10-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

17200 of the California Business and Professions Code.

51. To cure the harm caused by the sales of its products bearing counterfeit EYE DEW mark, Farmacy must send notices directly to all consumers who purchased the products bearing counterfeit marks advising such consumers of the deception and giving such consumers the right to a full refund. To prevent future harm, Farmacy must be ordered to immediately cease and desist from any further promotion or sales of the products bearing counterfeit marks.

## VIII.  FIFTH COUNT:

## CALIFORNIA COMMON LAW UNFAIR COMPETITION

52. Plaintiff Arcona incorporate by reference each and every allegation contained in paragraphs 1 through 51 above as though fully set forth herein.

53. By engaging in the above-described practices and actions, Farmacy has committed unfair competition prohibited by California common law.

54. Farmacy's use of counterfeit EYE DEW mark for eye creams harms Arcona by deceiving customers as to source, sponsorship or affiliation of Farmacy's eye creams with Arcona. Farmacy's continuing infringement and complete disregard to Arcona's trademark rights shows its intend to trade on the goodwill of Arcona by deceiving customers as to source, sponsorship or affiliation of eye creams bearing counterfeit EYE DEW mark.

55. As a direct and proximate result of Defendants' unlawful conduct, Arcona is entitled to restitution and disgorgement of profits in an amount according to proof at trial and entitled to preliminary and permanent injunctive relief restraining Farmacy, its officers, directors, members, agents and employees, and all persons acting in concert with it, from engaging in any further acts unfair competition.

56. To cure the harm caused by the sales of its products bearing counterfeit EYE DEW mark, Farmacy must send notices directly to all consumers

-11-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

TROJAN LAW OFFICES
BEVERLY HILLS

who purchased the products bearing counterfeit marks advising such consumers of the deception and giving such consumers the right to a full refund. To prevent future harm, Farmacy must be ordered to immediately cease and desist from any further promotion or sales of the products bearing counterfeit marks.

## IX. DEMAND FOR JURY TRIAL:

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

## X. PRAYER OF RELIEF:

WHEREFORE, Plaintiffs Arcona pray as follows:

1.      That Plaintiffs be awarded judgment in its favor and against Defendants;

2.      That Plaintiffs be awarded damages in the amount of at least $1,000,000 according proof for trademark infringement and unfair competition as alleged herein;

3.      Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Arcona's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,706,079;

4.      Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,706,079;

5.      To prevent future harm, Farmacy must be ordered to immediately cease sales of its eye cream bearing counterfeit marks and all products bearing counterfeit mark to be impounded pursuant 15 U.S.C. § 1116(d)(1)(A);

-12-

TROJAN LAW OFFICES
BEVERLY HILLS

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

6.  Awarding Arcona's costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

7.  An award of punitive damages in accordance with Cal. Civ. Code § 3294 of an amount adequate to punish and deter Defendants from engaging in sales of products bearing counterfeit marks;

8.  Plaintiff be awarded its costs of suit and reasonable attorney fees;

9.  Interest on all damages, according to proof; and

10. Any and all other relief the Court deems just.

Respectfully submitted,

TROJAN LAW OFFICES
by

September 25, 2017                          /s/R. Joseph Trojan
                                            R. Joseph Trojan
                                            Attorneys for Plaintiff
                                            ARCONA, INC.

-13-

ARCONA v. FARMACY BEAUTY, LLC, et al.
CASE NO.

TROJAN LAW OFFICES
BEVERLY HILLS