# United States District Court
# Central District of California

| | |
|---|---|
| ARCONA, INC., a California corporation, | Case No. 2:17-cv-07058-ODW-JPR |
| Plaintiff, | |
| v. | **ORDER DENYING, IN PART, AND** |
| FARMACY BEAUTY, LLC, a New Jersey | **GRANTING, IN PART, INDIVIDUAL** |
| limited liability company, DAVID C. | **DEFENDANTS' MOTION TO** |
| CHUNG, an individual, and MARK | **DISMISS WITH LEAVE TO AMEND** |
| VEEDER, an individual, | **[20]** |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Arcona, Inc., brings the instant action against Farmacy Beauty, LLC ("Farmacy"), together with individual Farmacy business officers David C. Chung ("Chung") and Mark Veeder ("Veeder") (collectively, "Individual Defendants"). (*See* Compl., ECF No. 1.)  Plaintiff alleges various trademark infringement claims against Farmacy and Individual Defendants for infringement of Plaintiff's EYE DEW mark. (*Id.* ¶¶ 20–56.)  Individual Defendants filed this motion to dismiss the complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; improper venue, pursuant to Rule 12(b)(3); and failure to state a claim, pursuant to Rule 12(b)(6). (Mot. 1–2, ECF No. 20.)  For the reasons discussed below,

the Court **DENIES** Individual Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue and **GRANTS** Individual Defendants' Motion to Dismiss for failure to state a claim **with leave to amend**.

## II.   FACTUAL BACKGROUND

Plaintiff is a California corporation with its principle place of business in Valencia, California.   (Compl. ¶ 1.)   Plaintiff specializes in the formulation, manufacture, and distribution of high quality skin care products, including several lines of eye creams and serums. (*Id.* ¶¶ 10–11.)  As early as January 1, 2002, Plaintiff began promoting several of its eye creams under the designations EYE DEW and EYE DEW PLUS. (*Id.* ¶ 11.)  Plaintiff holds a registered trademark, Registration No. 4,706,079, in the United States for the EYE DEW mark. (*Id.* ¶ 13; *Id.*, Ex. 1, ECF No. 1-1.)  This International Class 003 trademark includes "cosmetic creams for skincare; cosmetic preparations for skin renewal; eye cream; non-medicated stimulating lotions for the skin; skin conditioning creams for cosmetic purposes; skin moisturizer; [and] wrinkle removing skin care preparations." (*Id.* ¶ 13.)

Farmacy is a New Jersey limited liability company with its principle place of business in New York, New York. (*Id.* ¶ 2.)  Farmacy also sells skin care products and began distributing an eye cream under the designation EYE DEW.  (*See id.* ¶ 14.) Farmacy's EYE DEW mark is identical to Plaintiff's registered mark and is applied on the same type of product. (*Id.* ¶ 15.)  Farmacy's product is also marketed in many of the same retailers as Plaintiff's, including national beauty retail store Sephora. (*Id.* ¶ 16.)  However, despite being sold in the same stores and under the same designation, Farmacy's eye cream has no other relation to Plaintiff's eye cream. (*Id.* ¶ 14.)

Individual Defendants founded Farmacy in 2014.  (Declaration of David C. Chung ("Chung Decl.") ¶ 3, ECF No. 20-2.)  Plaintiff alleges the Individual Defendants are controlling members of Farmacy. (Compl. ¶ 17.)  Plaintiff further alleges that they directed and authorized Farmacy's adoption, promotion, and sales use of the counterfeit mark. (*Id.* ¶ 17.)  Defendants assert that Chung works and resides in New Jersey,

(Chung Decl. ¶ 2), and Veeder resides and works in New York, (Declaration of Chuck Veeder ("Veeder Decl.") ¶ 2, ECF No. 20-3). Individual Defendants assert that they hired a beauty consultant, Caroline Fabrigas ("Fabrigas"), to "advise Farmacy on how to develop, describe, launch, and market Farmacy's products prior to 2014." (Chung Decl. ¶ 5.) Fabrigas developed Farmacy's name as well as several product lines, including "eye dew total eye cream." (*Id.* ¶ 6.) Individual Defendants assert that they neither advised Fabrigas in naming the line nor during the subsequent marketing plan development. (*Id.* ¶ 7; Veeder Decl. ¶ 6.)

Plaintiff learned about Defendants' use of the mark and sent a letter to Farmacy on or about August 4, 2016, demanding that Farmacy "cease and desist from its infringing conduct and using counterfeit EYE DEW mark." (Compl. ¶ 18.) The parties subsequently attempted to negotiate a sell-off period.[1] (*Id.*) On or about January 13, 2017, Plaintiff, finding that Farmacy had continued to sell products bearing the counterfeit EYE DEW mark, sent a second cease-and-desist letter, demanding the Farmacy cease all infringing activity no later than February 28, 2017. (*Id.*) As of September 18, 2017—over a year after receiving notice of the infringement—Farmacy continued to sell eye cream bearing the counterfeit EYE DEW mark. (*Id.* ¶ 19.)

On September 25, 2017, Plaintiff filed suit against Farmacy and Individual Defendants, alleging five claims for trademark counterfeiting, federal trademark infringement, and federal, state, and common law unfair competition violations. (*See generally id.*) Plaintiff served the complaint and summons on Farmacy and Chung on October 5, 2017. (Proof Service, ECF No. 16.) Plaintiff served Veeder on October 24, 2017. (*Id.*) Farmacy filed its answer and counterclaim on December 12, 2017. (ECF No. 19.) That same day, Individual Defendants moved to dismiss the case pursuant to

---

[1] Based on the allegations asserted in the complaint, whether an agreement was ever reached remains unclear. (*See id.* ¶ 18.)

Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).  (*See* Mot.) Individual Defendants' Motion is now before the Court.[2]

### III.   LEGAL STANDARD

#### A.   Dismissal for Lack of Personal Jurisdiction

Dismissal for lack of personal jurisdiction is governed by Rule 12(b)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(2).  Personal jurisdiction is proper when it is permitted by the long-arm statute of the relevant state and does not violate due process.  *Gordon v. APM Terminals N. Am., Inc.*, Case No. 17-cv-03970, 2017 WL 3838092, at *2 (N.D. Cal. Sept. 1, 2017).  California's long-arm statute allows the exercise of personal jurisdiction so long as it comports with due process.  *See* Cal. Civ. P. Code § 410.10.   In reviewing whether personal jurisdiction exists, all "[u]ncontroverted allegation in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in the [plaintiff's favor."  *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010).  However, "[t]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Gordon*, 2017 WL 3838092, *at 2.   To show this, a plaintiff must "demonstrate facts that if taken as true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1496, 1498 (9th Cir. 2005).

#### B.   Dismissal for Improper Venue

Under Rule 12(b)(3), a party may file a motion for the dismissal of complaint where venue is "wrong" or "improper."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 576–77 (2013); *see* Fed. R. Civ. P. 12(b)(3).  The plaintiff must establish that venue is proper as to each defendant.  *Royal Haw. Orchards, L.P. v. Olson*, No. CV 14-8984 RSWL (RZx), 2015 WL 3948821, at *1–2 (C.D. Cal. June 26, 2015) ("A plaintiff has the burden of showing by a preponderance of the

---

[2] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

evidence that venue is proper."). In considering such a motion, a "court is not required to accept the pleadings as true and may consider facts outside the pleadings." *Id.*

## C. Dismissal for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss for failure to state a claim, "the court must accept as true all factual allegations in the complaint, as well as all reasonable inferences that may be drawn from such allegations." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000). All such allegations are to be construed in the light most favorable to the nonmoving party. *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions." *World Chess Museum, Inc. v. World Chess Fed'n, Inc.*, No. 2:13-cv-00345-RCJ-GWF, 2013 WL 5663091, at *1 (D. Nev. Oct. 15, 2013).

## IV. DISCUSSION

## A. Existence of Proper Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over each defendant in a case. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). To determine whether this is satisfied, the Court looks first to the long-arm statute of the state where the case is brought. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). Accordingly, this Court looks to California's long-arm statute, which provides for jurisdiction on any basis that does not conflict with due process under the U.S. Constitution. *See* Cal. Code Civ. P. § 410.10 (providing for jurisdiction so long as it is "not inconsistent with the Constitution of this state or of the United States"). Constitutional due process limits the ability of California courts to exercise personal jurisdiction over non-resident defendants to circumstances where (1) the defendant has "certain minimum contacts" with the forum state and (2)

"maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Data Disc*, 557 F.2d at 1287 (quoting *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945)).

To survive a motion to dismiss, a plaintiff must make a *prima facie* showing of jurisdictional facts. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). This may be established by showing either general or specific personal jurisdiction over the defendant. *Data Disc*, 557 F.2d at 1287. However, in determining whether this requirement is satisfied, the Court must consider—not only the allegations in the complaint—but evidence presented in affidavits. *Id.* at 1285. The Court cannot "assume the truth of allegations in a pleading which are contradicted by affidavit." *Id.* at 1284.

### 1. General Jurisdiction

General jurisdiction provides personal jurisdiction over a defendant in all suits, including those not arising out of or relating to the defendant's contacts with the forum. *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1070 (C.D. Cal. 2004). The Court may exercise general jurisdiction over a defendant with "substantial" or "continuous and systematic" contacts that "approximate physical presence" within the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). It can be established by in-state service, domicile, or consent. *Wolf Designs,* 322 F. Supp. 2d at 1070.

It is undisputed that Chung and Veeder live and work outside of California. (*See* Compl. ¶¶ 3–4; Chung Decl. ¶ 2; Veeder Decl. ¶ 2.) They assert by affidavit that they do not own property in California. (Chung Decl. ¶ 9; Veeder Decl. ¶ 8.) They do not hold bank accounts, driver's licenses, or pay taxes within the state. (Chung Decl. ¶ 9; Veeder Decl. ¶ 8.) They do, however, have contacts with the state in their respective roles with Farmacy. (*See* Chung Decl. ¶ 8; Veeder Decl. ¶ 7.) But no facts alleged come close to the substantial, continuous, and systematic level of contacts required for general jurisdiction.

### 2. Specific Jurisdiction

The Court next considers whether specific jurisdiction may be exercised over a defendant for purposes of a specific suit. *Ochoa*, 287 F.3d at 1188. To establish specific jurisdiction, a plaintiff must show (1) the nonresident defendant did some act or consummated some transaction with the forum state or otherwise purposefully availed itself of the privilege of conducting activities in the forum state; (2) the claim arose out of or resulted from the defendant's forum-related activity; and/or (3) the exercise of jurisdiction is reasonable. *Id.* at 1188–89.

#### a. Purposeful Availment

Purposeful availment requires the defendant to engage in some affirmative conduct, allowing or promoting the transaction of business within the forum state. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986). "This focus upon the affirmative conduct . . . is designed to ensure that the defendant is not haled into court as the result of random, fortuitous, or attenuated contacts, or on account of the unilateral activities of third parties." *Wolf Designs*, 322 F. Supp. 2d at 1071. Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient to permit the forum to assert jurisdiction over the person." *Wolf Designs*, 322 F. Supp. 2d at 1072 (citing *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). However, employees acting in official capacities are not inherently shielded from suit in their individual capacities. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 & n.13 (1984); *see also Davis,* 885 F.2d at 521 (noting that "the existence of a state-created corporate form [did not] . . . create a due process limit on jurisdiction."). They may be held individual liable when (1) the corporation is the agent or alter ego of the individual defendant or (2) the individual controlled or directly participated in the alleged activities. *Wolf Designs*, 322 F. Supp. 2d at 1072. "[T]he central determination is whether [an individual defendant] is a primary participant or 'guiding spirit' in the alleged wrongdoing intentionally directed at California." *Id.*

Individual Defendants argue that the fiduciary shield doctrine protects them from liability for Farmacy's actions, asserting that personal jurisdiction must be established over each defendant independently. (*See* Mot. 5; Reply 2.) It is true that jurisdiction must be established as to each defendant. *See Davis*, 885 F.2d at 515 (requiring each corporate officer's contacts to be individually assessed). However, this does not mean jurisdiction over them may not be established by considering their contact with the forum in their capacity as corporate officers.[3] "Personal jurisdiction over the individual may be exercised based upon 'the individual's control of, and direct participation in the alleged activities' of the corporation." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *6 (N.D. Cal. Feb. 14, 2011) (quoting *Wolf Designs*, 322 F. Supp. 2d at 1065).

Chung is the co-founder, Chief Executive Officer, and President of Farmacy. (Chung Decl. ¶ 3.) Chung is a controlling member of the company. (*See* Answer ¶ 17, ECF No. 19.) Chung has travelled to Los Angeles on business several times since 2014. (Chung Decl. ¶ 8.) These visits were "in connection with performance of [his] duties as an officer of Farmacy." (*See id*.) He claims that he did not know Plaintiff existed at the time Farmacy decided to use the phrase "eye dew total eye cream." (*Id.* ¶ 7.) However, Chung applied for all of Farmacy's trademarks. (Declaration of Hee Jae J. Yoon ("Yoon Decl."), Exs. 1–2, ECF Nos. 23-4, 23-5.) They were all filed by Respect Nature, LLC, a company of which Chung is the sole listed member. (*Id*.) Chung also hired and supervised Fabrigas, the marketing specialist who created the infringing mark. (Chung Decl. ¶ 5.)

The connection between Veeder and Farmacy's infringing actions is even clearer. Veeder visited California specifically to train Farmacy managers about "the benefits of Farmacy products." (Veeder Decl. ¶ 7.) This included training individuals to promote

---

[3] The Ninth Circuit has clearly stated that the fiduciary shield doctrine may not serve as a "jurisdictional limit" where sufficient contacts would otherwise exist to establish personal jurisdiction. *See Davis*, 885 F.2d at 522 (noting that jurisdiction was appropriate over corporate officers so long as sufficient contacts existed).

the eye cream bearing the allegedly counterfeit EYE DEW mark. (*Id.*) The purpose of these trainings was to prepare the managers to introduce customers and distributors to the benefits of Farmacy's "entire product line," including the EYE DEW eye cream. (*Id.*)

Individual Defendants argue that Plaintiff failed to assert that Farmacy qualified as their "alter-ego" or otherwise served as a conscious central force behind the infringing activity. (Reply 3.) However, the facts offered by Plaintiff show just such a central connection. Chung and Veeder are the only listed members of Farmacy. (*See* Yoon Decl., Ex. 1.) They both also hold roles as corporate officers. (Chung Decl. ¶ 3; Veeder Decl. ¶ 3.) Chung played a central role in trademark development, as well as in Farmacy's business in California. (Chung Decl. ¶ 8.) Veeder educated managers in California regarding the infringing product. (Veeder Decl. ¶ 7.) Moreover, neither Individual Defendant challenged Plaintiff's allegation that Farmacy had actual notice of the infringement as of August 2016—and still continued to sell the product over a year. (*See* Compl. ¶ 18.) "A corporate officer . . . is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of [a] corporation . . . ." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). By allowing Farmacy's alleged infringing activities to be directed towards California, aiding in their furtherance, and choosing not to make a change even after receiving notice, Individual Defendants purposefully availed themselves of this forum.

b. Relatedness

"The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Wolf Designs*, 322 F. Supp. 2d at 1071. In the Ninth Circuit, this is measured in terms of "but-for" causation. *See Zeigler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). Here, but for Individual Defendants' authorization of Farmacy's alleged infringements, no infringing product would have been sold to California customers, and Plaintiff would

not have been injured in California by the loss of sales and customer confusion caused by the alleged infringing mark.[4]

       c.     Reasonableness

The third requirement for establishing specific jurisdiction is reasonableness. *Wolf Designs*, 322 F. Supp. 2d at 1073. "The relationship between the defendant and the forum must be such that 'it is reasonable . . . to require the corporation to defend the particular suit which is brought there.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). To determine the reasonableness of specific jurisdiction, the Ninth Circuit considers and balances:

> (1) The extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

       i.     Purposeful Interjection

Even where the Court finds there to be sufficient interjection to satisfy purposeful availment, "the degree of interjection is [also] a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993). However, "once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable." *Wolf Designs*, 322 F. Supp. 2d at 1074 (citation omitted). It is the

---

[4] Individual Defendants allege that they could not reasonably anticipate being sued in California because "[t]o the extent Chung and Veeder travelled in California, it was unrelated to . . . development of the terms and marketing plans for 'eye dew total eye cream'." (Mot. 9.) However, Veeder himself admits to travelling to California to train individuals in marketing—including marketing for the alleged infringing line. (Veeder Decl. ¶ 7.) Moreover, Individual Defendants intentionally marketed and sold the product here, making it unreasonable for them not to anticipate being haled into court here—particularly after receiving notice of the infringement.

defendant's burden to provide a "compelling case" that would rebut this presumption. *Id.*

Here, Individual Defendants offer only a summary restatement of the previous argument that no purposeful availment exists. (*See* Mot. 9–10.) This does not overcome the presumption. As the Court has already noted, the Individual Defendants purposefully availed themselves of the benefits of conducting business in California. Therefore, this factor weighs in favor of exercising jurisdiction over Individual Defendants.

ii.     Defendants' Burden in Litigating

The second factor considered by the Court is a defendant's burden in litigating in the forum. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128–29 (C.D. Cal. 2004). However, this factor cannot overcome sound reasons for exercising jurisdiction unless the "inconvenience is so great as to constitute a deprivation of due process." *Roth v. Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). A defendant must show that litigating this case in California would place the party at a severe disadvantage. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).

Individual Defendants argue that requiring them to litigate in this Court would place a "significant burden" on them, as they would be required to travel across the country and would need to hire local counsel. (Mot. at 10.) While the Court recognizes that this is a significant inconvenience, it is not so great as to deprive them of due process. *See Sher*, 911 F.2d at 1365 ("In this era of fax machines and discount air travel, requiring the [party] to defend itself in California . . . would not be so unreasonable as to violate due process."); *see also Wolf Designs*, 322 F. Supp. 2d at 1074 (finding that "in light of modern advances in transportation and communications, the burden of defending this suit in California would not be overwhelming"). Accordingly, this factor also supports exercising personal jurisdiction over Individual Defendants.

///

///

### iii. Sovereignty

The third factor considers "the extent to which this court's exercise of jurisdiction in California would conflict with the sovereignty of [another state]." *Wolf Designs,* 322 F. Supp. 2d at 1074. No substantive arguments are made by either party with regard to this factor, and there are no apparent sovereign conflicts implicated by it. Accordingly, this factor is neutral.

### iv. Forum State's Interest

"California maintains a strong interest in providing an effective means of redress for its residents tortuously injured." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996) (citation omitted). Where the plaintiff's principle place of business is in the forum state, this factor weighs in favor of granting jurisdiction. *See Panavision Int'l*, 141 F.3d at 1323. Plaintiff is a California corporation with its principle place of business in Valencia, California. (Compl. ¶ 1.) Thus, this factor weighs in favor of jurisdiction in California.

### v. Efficient Resolution

The fifth factor, efficient judicial resolution, focuses on the location of evidence and witnesses. *Caruth*, 59 F.3d at 129. It is given less weight today due to "modern advances in communication and transportation." *Panavision Int'l*, 141 F.3d at 1323–24. While Individual Defendants assert that most of their witnesses and documents will be located at Farmacy's New Jersey office, this does not take into account evidence and witnesses from Plaintiff's California offices or those individuals who sold Farmacy's alleged infringing products in California. (Mot. 10.) Accordingly, the factor is neutral.

### vi. Convenient & Effective Relief for Plaintiff

The sixth factor focuses on the significance of the forum to Plaintiff's interest in "convenient and effective relief." *Panavision Int'l*, 141 F.3d at 1323. There is no evidence that Plaintiff could not recover, if this case were litigated in an alternative forum. It is true that it would likely be more inconvenient for Plaintiff to litigate this case outside of California. However, "neither the Supreme Court nor [the Ninth Circuit]

has given much weight to inconvenience to the Plaintiff." *Ziegler v. Indian River Cty.*, 64 F.3d 470, 476 (9th Cir. 1995). Even so, this factor weighs in favor of Plaintiff.

vii.     Alternative Forum

It is Plaintiff's burden to demonstrate the unavailability of an alternative forum. *Wolf Designs*, 322 F. Supp. 2d at 1075. Courts have found that, even where it is more costly or inconvenient for the Plaintiff to litigate in an alternative forum, this factor still weighs in favor of the defendants. *See id.* Here, Individual Defendants propose two reasonable alternative forums, New Jersey and New York. (*See generally* Mot.) Accordingly, this factor weighs in favor of the Individual Defendants.

viii.  Weighing the Reasonableness Factors

Four factors favor Plaintiff, two are neutral, and only the seventh favors Individual Defendants. Given the balance of the factors, Individual Defendants' inconvenience and the existence of alternative forums are not sufficient to establish that exercising personal jurisdiction over the Defendant would be unreasonable.

Because all three requirements—purposeful availment, relatedness, and reasonableness—weigh in favor of specific jurisdiction, the Court finds exercise of personal jurisdiction over Individual Defendants proper. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

## B.     Choice of Venue

Defendants next moved to dismiss or transfer on the grounds that the Central District of California is both an improper venue and an inconvenient one. (Mot. 11.)

### 1.     *Improper Venue*

Plaintiff alleges jurisdiction based upon both federal question and diversity. (Compl. ¶ 8.) Under 28 U.S.C. § 1391(b), when jurisdiction for a civil action is not brought solely on diversity of citizenship, it may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

"In a trademark suit brought under the Lanham Act, a 'substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused good, 'whether that occurs solely in one district or in many.'" *Allstar Mktg. Grp. v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009) (quoting *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009)); *see also Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.*, No. C 05-0587, 2005 WL 701599, at *4 (N.D. Cal. Mar. 23, 2005) (finding the possibility of confusion to a substantial number of consumers in a region "sufficient to establish th[at] this jurisdiction is a proper venue for the adjudication of plaintiff's claims"); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("The place where the alleged passing off occurred . . . provides an obviously correct venue[.]")

Individual Defendants argue that "Plaintiff fails to assert any facts showing . . . alleged acts giving rise to Plaintiff's trademark infringement claims occurred in California" because all claims "alleged [arose from] the selection, use and promotion of the mark 'EYE DEW'," and those acts occurred outside of California. (Mot. 12.) However, this is inaccurate. (*Id.*) The alleged infringing product was promoted and sold in California. (*See* Answer ¶ 5.) Veeder himself acknowledged he trained managers in California to market and sell the infringing product. (Veeder Decl. ¶ 7.) In light of this, it is reasonable to anticipate the creation of confusion among consumers in this region. Accordingly, venue is proper.

### 2. Inconvenient Venue

Individual Defendants also argue that, even if the Court finds that California could be a proper venue, the Court still should transfer the case for the convenience of Individual Defendants. (Mot. 12.) Under 28 U.S.C. § 1404(a), [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This is a matter in which the district court is granted broad discretion. *See Sparling v. Hoffman*

14

*Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988). "The district court must adjudicate motions for transfer [of venue] according to an individualized, case-by-case consideration of convenience and fairness." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1130 (citation omitted). In deciding a motion to transfer venue, the Court weighs several factors, including,

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations.

*Id.* To show cause for transfer, a defendant must make a strong showing of inconvenience under these factors. *Decker Coal Co.,* 805 F.2d at 834, 842. "Under Ninth Circuit law, . . . courts generally will not transfer an action unless the 'convenience' and 'justice' factors strongly favor venue elsewhere." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002). A transfer should not be ordered if the result is merely to shift the inconvenience from defendant to plaintiff. *Decker Coal Co.*, 805 F.2d at 843.

### a. Plaintiff's Choice of Forum

"A plaintiff's choice of venue is generally accorded deference." *Allstar Mktg. Co.*, 666 F. Supp. 2d at 1131. This is particularly true when the plaintiff chooses to litigate in their home forum. *See, e.g., GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999) ("[P]laintiff's choice of its home forum is given more weight than its choice of a foreign forum.") Plaintiff is a California company with its principle place of business in California. (Declaration of Mary McLemore ("McLemore Decl.") ¶ 2, ECF No. 23-2.) Accordingly, California is Plaintiff's home forum. Thus, this factor weighs against transfer.

### b. Convenience of the Parties & Witnesses

"The Court . . . should generally 'not order a transfer which would merely switch the burden of inconvenience from one party to the other.'" *See Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991). Individual Defendants assert that

they would be greatly inconvenienced because they reside in New Jersey and New York, respectively, and the majority of Farmacy's resources are located outside of California. (Mot. 13.) However, the Court has already established that Farmacy sells its alleged infringing products in California and that Individual Defendants, in their roles as Farmacy executives, regularly travel to California. (*See* Chung Decl. ¶ 8; Veeder Decl. ¶ 7.)

While it is certainly true that it would be more convenient for the Individual Defendants to transfer this case to either New York or New Jersey, it would create a significant inconvenience for the Plaintiff, shifting the burden of travel and transport to Plaintiff's shoulders without providing any evidence as to why this is more reasonable. *Cf. Allstar Mktg. Grp*, 666 F. Supp. 2d at 1131–32 (finding the factor weighed slightly in favor of transfer specifically because defendants allege that the business of the party company requesting transfer would be more significantly disrupted because that company had only two employees). Ultimately, it would be the exchange of one party's convenience for another's, making this factor neutral.

> c. Convenience of the Witnesses

The Court gives less weight to the inconvenience of party witnesses than key third-party witnesses. *Id.* at 1132. Convenience of third-party witnesses is often the most important consideration in deciding a motion to transfer for convenience. *See Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013). To be able to effectively determine whether this factor favors transfer, "the [C]ourt must consider not simply how many witnesses each side has and the location of each, but, rather, the [C]ourt must consider the importance of the witnesses." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). Accordingly, "[i]n support of a motion to transfer[,] a party must identify potential witnesses by name and describe their testimony." *Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 WL 5173872, at *3–4 (N.D. Cal. Dec. 15, 2010).

Individual Defendants argue that their witnesses will be located in New Jersey or New York. (Mot. 13.) However, they fail to provide any substantive or specific evidence as to who these witnesses would be, offering no names or information upon which the Court may conduct the relevant consideration. *See Clark*, 2010 WL 5173872, at *4 (finding "only speculative and general predictions" unpersuasive). Moreover, Individual Defendants also admit Farmacy has employees in the state of California (Veeder Decl. ¶ 7), and as Plaintiff points out, all of Plaintiff's employee witnesses and relevant documents are located in this district. (Opp'n 16.) It is the burden of Individual Defendants to show that transfer is warranted, which they have not done. *See Elite Apparel, LLC v. Dallas Cowboys*, Case No. 13-cv-1038H (WVG), 2013 WL 12116606, at *3 (S.D. Cal. Nov. 5, 2013). Accordingly, this factor weighs slightly against transfer.[5]

### d. Location of Evidence

When a motion to transfer venue is based upon the location of relevant documents or records, the defendant must demonstrate "with particularity the location, difficulty of transportation, and importance of such record[s]." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005). With regard to this issue, Individual Defendants argue that the relevant documents and records are "located outside of California." (Mot. 13.) However, this falls far short of the particularity required to meet the burden on a motion to transfer venue. Accordingly, this weighs against transfer.

### e. Applicable Law

Where the primary claims to be litigated are federal trademark claims, the applicable law factor carries little weight. *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1133. However, where state law claims are also brought, there is a presumption that the state under whose laws the claims are brought will be more familiar with the relevant law.

---

[5] Because Plaintiff also failed to provide specific information regarding its witnesses, this factor does not weigh as heavily against transfer as it generally would. *See Elite Apparel, LLC*, 2013 WL 12116606, at * 3.

*Elite Apparel*, 2013 WL 12116606, at *4. Here, Plaintiff brings three claims under federal law and two state law claims under California statutory and common law. (*See generally* Compl.) Thus, while not heavily weighted, this factor also favors denial of transfer.

### f. Interests of Justice

"The 'interests of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1134 (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960). Farmacy did not join with the Individual Defendants in the instant motion. (*See generally* Opp.) If the Court granted the motion to transfer to either venue Individual Defendants propose, it would require litigation of the same claims against the parties in two—or possibly even three—different venues, creating precisely the type of waste that § 1404 is intended to prevent. Individual Defendants do not dispute this substantial inconvenience, instead relying on the assertion that venue in California is improper. (Reply 7.) However, as the Court has already recognized, California is an appropriate venue. This factor weighs heavily against transfer.

### g. Administrative Considerations

Finally, the court looks to administrative considerations like docket congestion. *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1134. This factor is never heavily weighted. Here, where neither party chooses to address it, the Court declines to take it into account in deciding the motion.

Because California is a proper venue for this action—and because all factors considered for a transfer under § 1404 are either neutral or weigh against transfer—Individual Defendants have failed to establish the facts necessary to warrant either

dismissal or transfer.  Accordingly, the Court **DENIES** Individual Defendants' Motion to Dismiss pursuant to Rule 12(b)(3) and also **DENIES** Individual Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404.

## C.  Failure to State a Claim

Finally, Individual Defendants moved for dismissal under Rule 12(b)(6) on all claims asserted by Plaintiff.  (Mot. 14.)  In the Ninth Circuit, "a corporate officer or director is . . . personally liable for all torts which he authorizes or directs . . . or participates [in], notwithstanding that he acted as an agent of the corporation." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823–24 (9th Cir. 1996).  Participation may be a direct action but is also satisfied by the "knowing approval or ratification of unlawful acts." *Murphy Tugboat Co. v. Shipowners & Merchants Tugboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979), *aff'd sub nom. Murphy Tugboat Co. v. Crowley*, 658 F.2d 1256 (9th Cir. 1981).  In order to sufficiently plead claims against Individual Defendants for trademark infringement, Plaintiff must allege facts sufficient to show plausible claims against Farmacy and facts that demonstrate that Individual Defendants approved, ratified, or directly contributed to the infringing conduct.  *See generally id.*

Plaintiff alleged five claims for relief against all Defendants for trademark counterfeiting, federal trademark infringement, and federal, state, and common law unfair competition violations for trademark infringement.  (*See generally* Compl.)  Under the Lanham Act, a plausible claim for trademark infringement requires the plaintiff to plead "(1) that it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to cause confusion." *Kythera Biopharm., Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 898 (C.D. Cal. 2014); *see also* 15 U.S.C. § 1404(a).  Actions for the unfair business practice of trademark infringement brought under California law may be satisfied by pleading the same facts.  *CYBERsitter, LLC v. Google Inc.*, 905 F. Supp. 2d 1080, 1087 (C.D. Cal. 2012); *Vallavista Corp v. Amazon.com, Inc.*, 657 F. Supp. 2d 1132, 1136 (N.D. Cal. 2008).

Here, it is undisputed by Individual Defendants that Plaintiff holds a valid, protectable trademark for EYE DEW.  The mark is registered by Plaintiff as Trademark Registration No. 4,709,079.  (*See* Compl., Ex. A, ECF No. 1-1; *see also* Compl. ¶¶ 13, 21, 29.)  Plaintiff uses the EYE DEW mark in conjunction with an eye cream line.  (Compl. ¶ 11.)  Plaintiff alleges that Farmacy utilized a mark identical to Plaintiff's registered EYE DEW mark on Farmacy's eye cream.  (*Id.* ¶¶ 14, 31.)  Plaintiff also provided additional support for this by providing photos from Farmacy's website that show the allegedly infringing product offered for sale.  (*Id.*, Ex. B, ECF No. 1-2.)  The Ninth Circuit has established that, where virtually identical marks are used with identical products or services, "likelihood of confusion follows as a matter of course."  *Brookfield Comm., Inc., v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999).  Plaintiff has sufficiently pled there is a likelihood of confusion caused by Farmacy's use of the mark.  Accordingly, Plaintiff has also sufficiently pled that Farmacy infringed Plaintiff's mark.

Additionally, Plaintiff asserts that Farmacy not only infringed their copyright but actively employed a counterfeit mark.  (Compl. ¶¶ 20–28.)  A counterfeit mark, for purposes of the Lanham Act, is the counterfeit of a registered trademark listed on the United States Patent and Trademark Office ("USPTO") Principal Register for "such goods or services sold, offered for sale, or distributed."  15 U.S.C. § 1116(1)(d)(B)(i).  Use of a counterfeit mark occurs when an infringer "intentionally us[es] a mark or designation, knowing such mark or designation is a counterfeit, . . . in connection with the sale, offering for sale, or distribution of goods or services[.]"  15 U.S.C. § 1117(b)(1).  Plaintiff alleges using the EYE DEW mark on eye cream.  (Compl. ¶ 11.)  Farmacy used the identical mark on an eye cream, the same type of good sold by Plaintiff.  (*Id.* ¶ 17.)  Thus, Plaintiff sufficiently pled a plausible claim for counterfeiting against Farmacy.

Individual Defendants argue, however, that even if Plaintiff pled plausible claims against Farmacy, it still failed to allege facts stating a claim against Individual

Defendants.  (Mot. 14.)  Liability for individuals in a trademark infringement action does not require facts showing direct action, but some affirmative action is required. *See United Tactical Systems, LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1016 (N.D. Cal. 2015); *Murphy Tugboat*, 467 F. Supp. at 852.  Individual Defendants correctly assert that mere legal conclusions are not taken as fact.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[F]or the purposes of a motion to dismiss, . . . [the court] is not bound to accept as true a legal conclusion couched as a factual allegation.") (citation omitted).  In the Complaint, Plaintiff relies upon summary assertions that "Chung and Veeder directed and authorized Farmacy's adoption of the counterfeit EYE DEW mark, and directed and authorized the promotion and sales of Farmacy's EYE DEW cream with the counterfeit EYE DEW mark."  (Compl. ¶ 17.)

As Plaintiff acknowledged (Opp'n 8), in a Rule 12(b)(6) analysis, the Court must rely on the pleadings and may not consider affidavits or declarations unless they are attached as an exhibit to the Complaint or incorporated by reference.  *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  If the Court moves beyond these sources, it must "convert the 12(b)(6) motion into a Rule 56 motion for summary judgment[] and . . . give the nonmoving party an opportunity to respond.  *Id.* at 907.  Looking solely to the Complaint and its related affidavits, the facts are insufficient to establish the liability of Individual Defendants for trademark infringement by Farmacy's use of the EYE DEW mark.  (*See generally* Compl.)  Accordingly, the Court **GRANTS** Individual Defendants' motion to dismiss under Rule 12(b)(6).

**D.    Leave to Amend**

While Plaintiff failed to properly plead facts showing liability for Individual Defendants, the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is 'to be applied with extreme liberality.'"  *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 WL 2085523, at *4 (C.D. Cal. May 5, 2015).  In making this determination, the Court should consider (1) undue delay, (2) bad faith, (3) dilatory motive of the Plaintiff, (4) failure to cure deficiencies

by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). There has been no undue delay, display of bad faith, or demonstration of dilatory motive. Plaintiff simply failed to plead facts sufficiently specific to establish Individual Defendants' liability. (*See generally* Compl.) The Complaint has never been amended, and—in light of the arguments made in the Motion to Dismiss, Opposition to Motion to Dismiss, and Reply to the Opposition to the Motion to Dismiss—as well as the declarations and exhibits attached to all three filings—the defect in the pleadings will likely be cured by amendment. In the interest of justice, the Court grants Plaintiff leave to amend.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Individual Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (ECF No. 20.) The Court **GRANTS** Plaintiff's Motion to Dismiss for Failure to State a Claim against Individual Defendants **with leave to amend**. (*Id.*) To the extent Plaintiff wishes to amend the Complaint, Plaintiff must do so before **April 11, 2018.** Plaintiff must also lodge a redlined copy of any amended complaint for the Court and Defendants' review.

**IT IS SO ORDERED.**

March 22, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**