O

# United States District Court
# Central District of California

| | |
|---|---|
| ARCONA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARMACY BEAUTY, LLC; DAVID C. CHUNG; and MARK VEEDER, <br><br> Defendants. | Case No. 2:17-cv-07058-ODW (JPR) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [49]** |

## I. INTRODUCTION

Plaintiff, Arcona, Inc., brings this action against Defendants Farmacy Beauty, LLC ("Farmacy"), and its officers, David C. Chung and Mark Veeder (collectively, "Defendants"), for various trademark infringement claims related to Plaintiff's "EYE DEW" mark. Pending before the Court is Defendants' Motion for Partial Summary Judgment ("Motion) on Plaintiff's counterfeiting claim. (Mot., ECF No. 49.) For the following reasons, the Court **GRANTS** Defendants' Motion.[1]

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff holds a registered trademark, Registration No. 4,706,079, in the United States for the EYE DEW mark. (Defs.' Statement of Uncontroverted Facts ("SUF") 3, ECF No. 49-17.) This International Class 003 trademark includes cosmetic creams for skincare; cosmetic preparation for skin renewal; eye cream; non-medicated stimulating lotions for the skin; skin conditioning creams for cosmetic purposes; skin moisturizer; and wrinkle removing skin care preparations. (First Am. Compl. ("FAC") Ex. 1., ECF No. 34-1.) The trademark registration provides that the "mark consists of standard characters without claim to any particular font, style, size, or color." (*Id.*) Further, the registration provides that it was filed on April 18, 2012, with a first use date of January 1, 2002. (*Id.*)

Farmacy was organized in 2015 by Defendants David Chung and Mark Veeder in 2015. (SUF 6.) Farmacy began selling an eye cream product entitled "EYE DEW" in 2015. (*Id.* 8.) Farmacy stopped selling this product in September 2017. (*Id.* 10.)

The products are shown below:

Arcona "Eye Dew"  Arcona "Eye Dew Plus"

   

Farmacy "Eye Dew"



Plaintiff filed its Complaint against Defendants in September 2017 and subsequently amended its Complaint in April 2018. (Compl., ECF No. 1; FAC.) Defendants move for partial summary judgment only as to Plaintiff's counterfeiting claim. (Mot.)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott,* 550 U.S. at 378. A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory

evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

### IV. DISCUSSION

Defendants move for partial summary judgment only on Plaintiff's claim for counterfeiting, that Defendants' "Eye Dew" product is a counterfeit of Plaintiff's "Eye Dew" products. (*See generally* Mot.)

## A. Counterfeiting

The parties do not dispute the material facts. However, the parties disagree on the law.

The Lanham Act prohibits the use of a counterfeit "mark in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1116(d)(1)(A). "A counterfeit is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." *Id.* § 1127 (internal quotation marks omitted). Courts consider trademark counterfeiting as the "hard core or first degree . . . trademark infringement that seeks to trick the consumer into believing he or she is getting a genuine article, rather than a colorable imitation." *Gucci America, Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) (citing 4 McCarthy on Trademarks § 25:10) (internal quotation marks omitted).

As this district recently recognized, "[t]he caselaw on what is required to plead identicality in a counterfeiting claim is understandably thin, as the majority of counterfeiting cases involve obviously identical marks." *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP (SSx), 2016 WL 7479317, at *6 (C.D. Cal. Dec. 29, 2016) (internal quotation marks omitted). "The Ninth Circuit has explained that a 'counterfeit is something that purports to be something that it is not.'" *Id.* (quoting *United Pac. Ins. Co. v. Idaho First. Nat. Bank*, 378 F.2d 62, 69 (9th Cir. 1967)). The court in *Gucci America, Inc.*, in reviewing the caselaw on claims for counterfeiting involving products, found that "courts have uniformly applied this provision to products that are stitch-for-stitch copies of those of another brand." 868 F. Supp. 2d at 242; *see also Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005) (affirming award of counterfeiting where the defendant purchased empty bags containing the plaintiff's logo and repackaged its own goods in those bags).

Plaintiff takes the position that the Court should consider only Defendants' use of the phrase "EYE DEW," and not the entire product. (Opp'n to Mot. 9, ECF No.

58.) Although Plaintiff recognizes that its trademark registration does not include the font, style, size, and color, Plaintiff's Opposition to the counterfeit claim focuses exclusively on the typeface and font. (Opp'n 9–11.) The Court gives Plaintiff's position little weight, particularly when Plaintiff's trademark registration states, "[t]he mark consists of standard characters without claim to any particular font, style, size, or color." (FAC Ex. 1.) For Plaintiff to now claim that the font, style, and color of the "EYE DEW" phrase are the bases for its counterfeit claim is disingenuous and contrary to its trademark registration.

The Court recognizes that in certain circumstances, the inclusion of a house mark on a product is not sufficient to defeat a counterfeiting claim. *See Tiffany & Co. v. Costco Wholesale Corp.*, 127 F. Supp. 3d 241, 254–55 (S.D.N.Y. 2015) (granting summary judgment in favor of plaintiff on counterfeiting claim where the only difference between the parties' rings was a small generic mark on the inside of the ring). That is not the case here.

Without determining the specific level of similarity between the EYE DEW products, the Court concludes that no reasonable jury could find that Defendants' EYE DEW product is a counterfeit of Plaintiff's EYE DEW products. The only similarity between the two products are that they both contain the phrase "EYE DEW." However, Defendants' EYE DEW product does not purport to be Plaintiff's products. Visually, the products' packaging is not identical or substantially indistinguishable. Plaintiff's products are tall and cylindrical, whereas Defendants' product is short and wide. Each product bears their respective house marks. Each presents a distinct color and packaging scheme. Defendants' product claims that it is a "total eye cream with echinacea greenenvy™," while no such claim is made with Plaintiff's products. (SUF 11, 12, 14.) Although use of a different source mark indicator may not always defeat a counterfeiting claim, Plaintiff presents no evidence that the Farmacy house mark on the product, the dissimilar packaging, and the product itself do not nullify Plaintiff's counterfeiting claim. *See Gibson Brands*, 2016 WL

7479317, at *6 (granting summary judgment on a counterfeiting claim where the plaintiff failed to present evidence that the defendant's use of a brand mark nullified the plaintiff's claim).

The Court finds it implausible that a consumer viewing Defendants' EYE DEW product would be tricked into believing that the product is actually one of Plaintiff's EYE DEW products. Accordingly, partial summary judgment for Defendants as to Plaintiff's claim for counterfeiting is proper.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's claim for counterfeiting.

**IT IS SO ORDERED.**

March 19, 2019

_____
        **OTIS D. WRIGHT, II**
  **UNITED STATES DISTRICT JUDGE**